UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, *EX REL.* JUSTIN DALE TUREAU<br><br>v.<br><br>BEPCO, L.P.; BOPCO, L.P.; CHEVRON U.S.A. INC.; CHISHOLM TRAIL VENTURES, L.P.; AND HESS CORPORATION, A DELAWARE CORPORATION | CIVIL ACTION 3:17-cv-01198<br><br>NO. 3:17-cv-01198<br><br>JUDGE JAMES J. BRADY<br><br>MAG. JUDGE ERIN WILDER-DOOMES |

### LIST OF COLLATERAL PROCEEDINGS AND/OR REFILED CASES PURSUANT TO LOCAL CIVIL RULE 3(A)

NOW INTO COURT, through undersigned counsel, come Defendants Chevron U.S.A. Inc. ("Chevron") and Hess Corporation ("Hess"), who file this List of Collateral Proceedings and/or Refiled Cases that involve either the same subject matter that comprises all or part of the subject matter, or operative facts, of the above-captioned suit (hereinafter referred to as *Tureau III*). This list is filed in accordance with United States District Court, Middle District of Louisiana, Local Civil Rule 3(a).

The present suit has a long and complicated history. Plaintiff Justin Dale Tureau originally filed suit against Chevron, Hess, and others in 2013 in the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana as Case No. 20139539. The suit as originally styled was brought by three separate plaintiffs (Kenneth James Guilbeau, Justin Dale Tureau, and Ritchie Grocer Co.) who owned separate tracts of land and sought claims for injunctive relief, damages and/or remediation of their respective tracts due to alleged contamination from historic oil and gas exploration and production. The case was removed to the United States

District Court for the Western District of Louisiana as Case No. 13-2969 (and 13-2977, which was then consolidated with Case No. 13-2969). The federal district court found it had subject matter jurisdiction and severed the case into three separate cases under Fed. R. Civ. Proc. 21, which became:

> (1) *Kenneth James Guilbeau v. 2-H Inc.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:14-cv-02867 (*Guilbeau I*);
>
> (2) *Justin Dale Tureau, et al. v. 2-H Inc., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:13-cv-02969 (*Tureau I*); and
>
> (3) *Ritchie Grocer Co. v. 2H Inc., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:14-cv-02868.

All claims made by the two plaintiff-landowners in *Guilbeau I* and *Tureau I* were dismissed by the federal district court in August 2016, and the judgments were affirmed on appeal in 2017.[1] Following judgments of dismissal of all their claims in *Tureau I* and *Guilbeau I,* the plaintiffs in those two cases filed two new suits in the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, purportedly acting on behalf of the State of Louisiana, asserting claims under Louisiana Revised Statutes § 30:16 for injunctive relief and remediation of the same alleged contamination which was the subject of the original suits. The second cases were removed to the United States District Court for the Western District of Louisiana in June 2017, and were styled, respectively:

> (1) *State of Louisiana, ex rel. Justin Dale Tureau v. BEPCO, L.P., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:17-cv-00780 (*Tureau II*); and
>
> (2) *State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:17-cv-00779 (*Guilbeau II*).[2]

---

[1] On July 19, 2017, the United States Court of Appeals for the Fifth Circuit dismissed Tureau's appeal as moot in light of the court's opinion in *Guilbeau v. Hess Corp.*, 854 F.3d 310 (5th Cir. 2017), which affirmed the dismissal of a sister case involving the same issues on appeal. *Tureau v. Hess Corp.*, No. 16-30970 (5th Cir. July 19, 2017).

[2] A copy of the Petitions filed in *Tureau II* and *Guilbeau II* are attached hereto as Exhibit "A", *in globo.*

*Tureau II* and *Guilbeau II* were voluntarily dismissed by the respective plaintiffs in June 2017.

After voluntarily dismissing *Tureau II* and *Guilbeau II,* Tureau and Guilbeau refiled the actions a third time in the 19th Judicial District Court for the Parish of East Baton Rouge, again purportedly acting on behalf of the State of Louisiana and asserting claims under Louisiana Revised Statutes § 30:16 for injunctive relief and remediation of the same alleged contamination which was the subject of the original and second suits.  Guilbeau's re-filed action remains pending in state court as of the time of filing this list, and Tureau's re-filed action was removed to this Court.  These actions are styled as:

(1) *State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P., et al.*, 19th J.D.C., Parish of East Baton Rouge, State of Louisiana, Case No. 661526 (*Guilbeau III*); and

(2) the above-caption suit (*Tureau III*).

The *Ritchie Grocer* case remains pending in the United States District Court for the Western District of Louisiana, Alexandria Division.

The above-referenced suits are discussed in more detail below.

**1.   *Kenneth James Guilbeau v. 2-H Inc.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:14-cv-02867 (*Guilbeau I*).**

The United States District Court for the Western District of Louisiana granted defendant's motion for summary judgment and dismissed all claims with prejudice.  On appeal to the United States Fifth Circuit (styled: *Kenneth James Guilbeau v. Hess Corp.,* Docket No. 16-30971), the appellate court affirmed the judgment of the district court dismissing all claims of the plaintiff in 2017.  854 F.3d 310 (5th Cir. 2017), *pet. for r'hg denied,* May 24, 2017.

There has been a final judgment on the merits dismissing all of Guilbeau's claims for injunctive relief, damages and remediation of alleged contamination of the land at issue.

Relation to above-captioned case: *Guilbeau I* was a suit for injunctive relief, damages and remediation filed by a different plaintiff-landowner for alleged contamination of land contiguous

3

to the tracts at issue in the present suit from historic oil and gas exploration and production against Hess.

2. *Justin Dale Tureau, et al. v. 2-H Inc., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:13-cv-02969 (*Tureau I*).

The United States District Court for the Western District of Louisiana granted defendant's motion for summary judgment and dismissed all claims with prejudice. On appeal to the United States Fifth Circuit (styled: *Justin Dale Tureau v. 2-H Inc., et al.,* Docket No. 16-30970), the plaintiff's appeal was dismissed as moot in light of the decision rendered in *Guilbeau v. Hess Corp.,* 854 F.3d 310 (5th Cir. 2017), on July 19, 2017.

There has been a final judgment on the merits dismissing all of Tureau's claims for injunctive relief, remediation of and damages for alleged contamination of his land.

Relation to above-captioned case: *Tureau I* was a suit for injunctive relief, damages and remediation filed by the same plaintiff-landowner (Justin Dale Tureau), for alleged contamination of the same land at issue in the present suit from historic oil and gas exploration and production against similar defendants as in *Tureau II* and *III* (*see infra,* for more information on the status and relation of *Tureau II* to *Tureau III*).

3. *Ritchie Grocer Co. v. 2H Inc., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:14-cv-02868.

The case remains pending in the United States District Court for the Western District of Louisiana, Alexandria Division.

Relation to above-captioned case: *Ritchie Grocer* is a suit for injunctive relief, damages and remediation filed by a different plaintiff-landowner for alleged contamination of land contiguous to the tract at issue in the present suit from historic oil and gas exploration and production against defendant oil companies. In addition, as in the present suit, the potential relief sought is the clean-up and/or restoration of the tract owned by plaintiff, Ritchie Grocer.

4

BEPCO, L.P. and BOPCO, LLC (formerly, BOPCO, L.P.), defendants in the present suit, are also defendants in the *Ritchie Grocer* case.

4. ***State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:17-cv-00779 (*Guilbeau II*).**

Shortly after the Fifth Circuit's decision in *Guilbeau I* affirming the dismissal of all of plaintiff's claims against defendant, *Guilbeau II* was filed in the 12th J.D.C. for the Parish of Avoyelles, State of Louisiana as Case No. 2017-4256B. The case was removed to the United States District Court for the Western District of Louisiana, and was voluntarily dismissed without prejudice by the plaintiff after the federal district court issued a Jurisdictional Briefing Order (Rec. Doc. 6).

<u>Relation to above-captioned case</u>: Although the plaintiff/landowner, the tracts at issue, and the defendants differ from those in the present suit, the substantive claims as well as the relief sought in *Guilbeau II* are identical to the above-captioned suit. *Guilbeau II* was also a suit brought by a plaintiff-landowner purporting to represent the State seeking mandatory and prohibitive injunctions for remediation of property and to restrain defendants from further violating or threatening to violate applicable regulations and orders under La. Rev. Stat. §§ 30:14 and 30:16. The land at issue in *Guilbeau II* was a part of the original state court suit that was severed into *Guilbeau I, Tureau I,* and *Ritchie Grocer*.

5. ***State of Louisiana ex rel. Justin Dale Tureau v. BEPCO, L.P., et al.*, U.S.D.C., W.D. La., Alexandria Division, Case No. 1:17-cv-00780 (*Tureau II*).**

Shortly after the Fifth Circuit's decision in *Guilbeau I* affirming the dismissal of all of plaintiff's claims against defendant, *Tureau II* was filed in the 12th J.D.C. for the Parish of Avoyelles, State of Louisiana as Case No. 2017-4249B. The case was removed to the United States District Court for the Western District of Louisiana, and was voluntarily dismissed

5

without prejudice by the plaintiff after the federal district court found it had diversity subject matter jurisdiction (Rec. Doc. 6).

Relation to above-captioned case: *Tureau II* is an essentially identical suit brought by the same plaintiff as in *Tureau III*, also purporting to represent the State of Louisiana, seeking the exact same relief under the same statutes as is sought in the present suit – mandatory and prohibitive injunctions for remediation of the property and to restrain defendants from further violating or threatening to violate applicable regulations and orders under La. Rev. Stat. §§ 30:14 and 30:16. The plaintiff/landowner, the tracts at issue, the claims asserted, and the defendants in *Tureau II* are the same as in the above-captioned suit (*Tureau III*).

6. ***State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P., et al.*, 19th J.D.C., Parish of East Baton Rouge, State of Louisiana, Case No. 661526 (*Guilbeau III*).**

Shortly after *Guilbeau II* was voluntarily dismissed, *Guilbeau III* was filed in the 19th J.D.C. for the Parish of East Baton Rouge, State of Louisiana as Case No. 661526, Sec. 24. As of the time of filing this list, *Guilbeau III* remains pending in state court.

Relation to above-captioned case: *Guilbeau III* is the corollary to *Tureau III*. *Guilbeau III*, essentially a re-filed *Guilbeau II* suit, is again, a suit brought by a plaintiff-landowner purporting to represent the State seeking mandatory and prohibitive injunctions for remediation of property contiguous to the tract at issue in *Tureau III*, and to restrain defendants from further violating or threatening to violate applicable regulations and orders under La. Rev. Stat. §§ 30:14 and 30:16. Thus, although the plaintiff/landowner, the tracts at issue, and the defendants differ from those in the present suit, the substantive claims as well as the relief sought in *Guilbeau III* are identical to *Tureau III*. The land at issue in *Guilbeau III* was a part of the original state court suit that was severed into *Guilbeau I, Tureau I,* and *Ritchie Grocer.*

10252848_2

Respectfully submitted,

*/s/ Jeffrey J. Gelpi*

Michael R. Phillips, (#21020)
Claire E. Juneau, (#33209)
Jeffrey J. Gelpi, (#37130)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
mike.phillips@keanmiller.com
claire.juneau@keanmiller.com
jeff.gelpi@keanmiller.com

L. Victor Gregoire, (#22400)
Richard D. McConnell, Jr., (#29973)
John C. Funderburk, (#35597)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
victor.gregoire@keanmiller.com
richard.mcconnell@keanmiller.com
john.funderburk@keanmiller.com

***Attorneys for Chevron U.S.A. Inc.***

AND

*/s/ Elizabeth S. Wheeler*

Jonathan A. Hunter (La. Bar No. 18619)
Robert B. McNeal (La. Bar No. 14211)
Elizabeth S. Wheeler (La. Bar No. 21148)
Kelly Brechtel Becker (La. Bar No. 27375)
Erin E. Bambrick (La. Bar No. 35035)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for Defendant, Hess Corporation**

7

10252848_2

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 19, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered in the federal CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

  New Orleans, Louisiana, this 19th day of October, 2017.

               */s/ Jeffrey J. Gelpi*
               Jeffrey J. Gelpi