# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA, EX REL.** **JUSTIN DALE TUREAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1198-SDD-EWD** |
| **BEPCO, L.P., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 2, 2018.

                                                 **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA, EX REL.** **JUSTIN DALE TUREAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1198-SDD-EWD** |
| **BEPCO, L.P., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Transfer Venue filed by defendants, Chevron U.S.A. Inc. ("Chevron") and Hess Corporation ("Hess").[1] Chevron and Hess assert that this matter should be transferred to the United States District Court for the Western District of Louisiana, Alexandria Division, pursuant to 28 U.S.C. § 1404(a). The Motion is opposed[2] and Chevron and Hess have filed a reply.[3]

Also before the Court is a Motion to Remand, filed by Justin Dale Tureau ("Tureau") purportedly on behalf of the State of Louisiana.[4] The Motion to Remand is opposed[5] and Tureau has filed a reply.[6]

For the following reasons, the undersigned recommends that the Motion to Transfer Venue be **GRANTED** and that this matter, including the Motion to Remand, be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Alexandria Division.[7]

---

[1] R. Doc. 13.
[2] R. Doc. 24.
[3] R. Doc. 31.
[4] R. Doc. 15.
[5] R. Doc. 27.
[6] R. Doc. 33. After obtaining leave of Court, Chevron and Hess filed two supplemental memoranda in opposition to the Motion to Remand. *See*, R. Docs. 37 & 40.
[7] Although the Fifth Circuit has not ruled on the issue, several courts in this Circuit have recognized that "federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Stewart v. May Dept. Store Co.*, Civ. A. No. 02-2772, 2002 WL 31844906, at *2, n.1 (E.D. La. Dec. 11, 2002) (citing

## I. BACKGROUND

This case arises out of alleged contamination of real property located in Avoyelles Parish, Louisiana, which was subject to two prior lawsuits brought by Justin Dale Tureau ("Tureau") that were removed to the United States District Court for the Western District of Louisiana and subsequently dismissed.

In 2013, Tureau filed a legacy lawsuit in the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana, with two other landowners, Kenneth James Guilbeau and Ritchie Grocer Company, alleging that their land was contaminated as a result of oil and gas operations conducted by the defendants or their predecessors.[8] The case was removed to the Western District of Louisiana and subsequently severed into three separate actions (*Tureau I*, *Guilbeau I*, and *Ritchie Grocer*), with each landowner proceeding separately.[9] On August 23, 2016, the Western District of Louisiana dismissed all of Tureau's claims in *Tureau I* and dismissed all of Guilbeau's claims in *Guilbeau I* on summary judgment based upon the subsequent purchaser doctrine.[10] The Fifth Circuit affirmed the dismissal of *Guilbeau I* on April 18, 2017.[11] On July 19, 2017, the Fifth Circuit dismissed Tureau's appeal as moot in light of the Court's ruling on *Guilbeau I*.[12]

---

*Gould v. National Life Ins. Co.,* 990 F. Supp. 1354 (M.D. Ala. 1998)). *See*, *Woodlands Dev., LLC v. Regions Bank*, Civ. A. No. 13-514, 2013 WL 3233472, at *2 (E.D. La. June 24, 2013) ("Cases decided subsequent to *Marquette*, however, strongly support the conclusion that a venue transfer is appropriate in certain cases prior to resolution of the subject matter jurisdiction issue.") (citing *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, Civ. A. No. 06-0826, 2006 WL 2349461, at *2 (E.D. La. Aug. 11, 2006)); *McPeters v. LexisNexis, a Division of Reed Elsevier, Inc.*, Civ. A. No. SA-11-CA-154-FB, 2011 WL 13253948, at *2 (W.D. Tex. May 27, 2011) ("Although courts generally determine subject matter jurisdiction first, 'federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district.'") (quoting *Huntsman Corp. v. Int'l Risk Ins. Co.*, Civ. A. No. 1:08-CV-029, 2008 WL 1836384, at *3 (E.D. Tex. Apr. 22, 2008)). Based on the foregoing, the undersigned will consider the Motion to Transfer Venue before making a determination regarding the Motion to Remand.

[8] R. Doc. 13-1 at p. 2. *See*, *Tureau v. 2H Inc.,* Civ. A. No. 13-2969 (lead), 13-2977 (member), 2014 WL 12701025, at *1 (W.D. La. Mar. 14, 2014), *report and recommendation adopted by*, 2014 WL 12701026 (W.D. La. Sept. 30, 2014).

[9] *See*, R. Doc. 1 at p. 2, n. 3 (citing *Tureau*, 2014 WL 12701025); R. Doc. 3 at p. 2; R. Doc. 13-1 at p. 2.

[10] R. Doc. 13-1 at p. 2; *See, Tureau v. 2 H Inc.*, Civ. A. No. 13-2969, 2016 WL 4500755 (W.D. La. Aug. 23, 2016); *Guilbeau v. 2 H, Inc.*, Civ. A. No. 14-2867, 2016 WL 4507634 (W.D. La. Aug. 23, 2016).

[11] *See*, *Guilbeau v. Hess Corp.*, 854 F.3d 310 (5th Cir. 2017).

[12] R. Doc. 13-1 at pp. 2-3 (citing *Tureau v. Hess Corp.*, Civ. A. No. 16-30970, 2017 WL 5952262 (5th Cir. 2017)).

According to Tureau, although *Tureau I* and *Guilbeau I* have been dismissed, the *Ritchie Grocer* case remains pending in the Western District of Louisiana.[13]

On May 9, 2017, following dismissal of the first lawsuit, Tureau, purportedly on behalf of the State of Louisiana, filed a second suit in the Twelfth Judicial District Court for the Parish of Avoyelles, Louisiana (*Tureau II*).[14] On the same day, Guilbeau, purportedly on behalf of the State of Louisiana, also filed a second suit in the Twelfth District Court for the Parish of Avoyelles, Louisiana (*Guilbeau II*).[15] On June 16, 2017, both actions were removed to the Western District of Louisiana.[16] On June 21, 2017, the Western District of Louisiana issued a jurisdictional ruling *sua sponte* in *Tureau II*, concluding that the court has subject matter jurisdiction based on diversity of citizenship, notwithstanding Tureau's assertion that he was proceeding on behalf of the State of Louisiana.[17] On the same day, the same court issued a *sua sponte* order requiring briefing on the issue of diversity jurisdiction under 28 U.S.C. § 1332 in *Guilbeau II*.[18] On the following day, June 22, 2017, Tureau and Guilbeau each filed a Notice of Dismissal Under Rule 41(a)(1) of the Federal Rules of Civil Procedure in their respective cases, seeking dismissal of *Tureau II* and *Guilbeau II* without prejudice.[19] Both actions were dismissed without prejudice on June 23, 2017.[20]

---

[13] R. Doc. 13-1 at p. 3.
[14] R. Doc. 3 at p. 2; R. Doc. 13-1 at p. 3; *See, State of Louisiana, ex rel. Justin Dale Tureau v. BEPCO, L.P.*, Civ. A. No. 1:17-cv-780 (W.D. La.) (R. Doc. 1-2).
[15] R. Doc. 3 at p. 2; *See, State of Louisiana ex rel. Kenneth James Guilbeau v. BEPCO, L.P.*, Civ. A. No. 1:17-cv-779 (W.D. La.) (R. Doc. 1-2).
[16] R. Doc. 3 at p. 2; R. Doc. 13-1 at p. 3. *See, State of Louisiana, ex rel. Justin Dale Tureau*, Civ. A. No. 1:17-cv-780 (W.D. La.) (R. Doc. 1); *State of Louisiana ex rel. Kenneth James Guilbeau*, Civ. A. No. 1:17-cv-779 (W.D. La.) (R. Doc. 1).
[17] R. Doc. 13-1 at p. 3 (citing *Louisiana ex rel. Tureau v. BEPCO, L.P.*, Civ. A. No. 17-780, 2017 WL 2676792, at *5 (W.D. La. June 21, 2017)).
[18] *See, State of Louisiana ex rel. Kenneth James Guilbeau*, Civ. A. No. 1:17-cv-779 (W.D. La.) (R. Doc. 6).
[19] R. Doc. 13-1 at p. 3; *See, State of Louisiana, ex rel. Justin Dale Tureau*, Civ. A. No. 1:17-cv-780 (W.D. La.) (R. Doc. 7); *State of Louisiana ex rel. Kenneth James Guilbeau*, Civ. A. No. 1:17-cv-779 (W.D. La.) (R. Doc. 7).
[20] *See, State of Louisiana, ex rel. Justin Dale Tureau*, Civ. A. No. 1:17-cv-780 (W.D. La.) (R. Doc. 8); *State of Louisiana ex rel. Kenneth James Guilbeau*, Civ. A. No. 1:17-cv-779 (W.D. La.) (R. Doc. 8).

On September 14, 2017, Tureau, purportedly on behalf of the State of Louisiana, filed the instant action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming as defendants BEPCO, L.P.; BOPCO, L.P.; Chevron U.S.A Inc.; Chisolm Trail Ventures, L.P. and Hess Corporation (collectively, "Defendants").[21] Tureau brought the action against the Defendants pursuant to La. R.S. 30:14 and La. R.S. 30:16 for violation of Statewide Order 29-B, along with other regulations and orders of the Louisiana Department of Natural Resources and Office of Conservation.[22] Tureau seeks an injunction ordering remediation of alleged contamination of his property in Avoyelles Parish as a result of oil and gas operations, an order restraining Defendants from further violations and costs pursuant to La. R.S. 30:29.[23]

On October 19, 2017, Chevron and Hess removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[24]

On November 7, 2017, Chevron and Hess filed the instant Motion to Transfer Venue, seeking to transfer the case to the Western District of Louisiana, Alexandria Division, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.[25] Chevron and Hess contend that a transfer is warranted because the Western District of Louisiana is (1) where Tureau resides; (2) where the subject property is located; and (3) where the operations that allegedly caused environmental damage to the subject property occurred.[26] Chevron and Hess also assert that the Court should transfer the case before deciding a motion to remand contesting

---

[21] R. Doc. 1-2 at pp. 6-13.
[22] R. Doc. 1-2 at pp. 1-2, ¶¶ 2 & 5.
[23] *Id*. at pp. 7-8, ¶¶ 5 & 6. The undersigned notes that Guilbeau filed an identical suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, on September 15, 2017 (*Guilbeau III*), which was removed to this Court and subsequently transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). *See*, *State of Louisiana, ex rel. Kenneth James Guilbeau*, Civ. A. No. 17-1283-SDD-RLB, 2018 WL 1886528, at *1-2 (M.D. La. Mar. 23, 2018), *report and recommendation adopted by*, 2018 WL 1881260 (M.D. La. Apr. 19, 2018).
[24] R. Doc. 1 at ¶ 7.
[25] R. Doc. 13 at p. 1.
[26] R. Doc. 13-1 at p. 2.

4

subject matter jurisdiction.[27] Hess and Chevron argue that pursuant to 28 U.S.C. § 1391(b)(2), this action could have been brought in the Western District of Louisiana because it is the judicial district in which a substantial part of the events or omissions giving rise to Tureau's claims occurred and where the subject property is located.[28] Hess and Chevron further argue that the various factors to be considered pursuant to 28 U.S.C. § 1404(a), including preventing the waste of judicial resources, avoiding conflicting rulings, and the local interest of residents in the Western District of Louisiana in the resolution of this case, heavily favor a transfer of this action.[29] Hess and Chevron further assert that Tureau's attempt to revive his claims that were dismissed in *Tureau I* and *Tureau II* constitutes "a blatant exercise of forum-shopping."[30]

In opposition, Tureau does not dispute that this Court has the discretion to determine the Motion to Transfer Venue before deciding a motion for remand and that this case could have been brought in the Western District of Louisiana.[31] Tureau, however, asserts that because the Louisiana Commissioner of Conservation (the "Commissioner") will be substituted as a party if injunctive relief is granted under La. R.S. 30:16, the action should be treated "as if it was brought by the commissioner himself in East Baton Rouge Parish."[32] As such, Tureau argues that the Court should defer to his choice of forum.[33] Tureau asserts that although "the Magistrate Judge in the Western District issued a hair trigger *sua sponte* determination of jurisdiction just five days after [*Tureau II*] was removed and before plaintiff filed a motion for remand," that court did not consider

---

[27] *Id*. at p. 5. At the time the Motion to Transfer Venue was filed, Plaintiff had not yet filed a motion to remand. However, in the Motion to Transfer Venue, Hess and Chevron assert that, "Plaintiff has informed Defendants that he will seek remand to state court." R. Doc. 13-1 at p. 4. Plaintiff subsequently filed a Motion to Remand on November 10, 2017, which is pending before the Court. R. Doc. 15.
[28] R. Doc. 13-1 at p. 7.
[29] *Id*. at pp. 7-12.
[30] R. Doc. 13-1 at pp. 1 & 12.
[31] R. Doc. 24 at p. 1.
[32] *Id*. at pp. 2-3.
[33] *Id*. at pp. 3-5.

the jurisdictional issue of whether the State of Louisiana was the real party in interest.[34] Thus, Tureau contends that transfer of the action will waste judicial resources or risk conflicting rulings.[35]

In reply, Hess and Chevron argue that Tureau "fails to address a majority of the public and private interest factors discussed in the Motion to Transfer Venue and instead attempts to concoct some semblance of a connection between this action and the Middle District."[36] Among other things, Hess and Chevron point out that, "The Western District issued numerous substantive orders in [*Tureau I* and *Tureau II*], including rulings on motions for remand, motions for a more definite statement, motions to dismiss, and motions for summary judgment, expending significant judicial resources to become familiar with the underlying facts."[37] Thus, Hess and Chevron maintain that transferring the case to the Western District of Louisiana will "avoid the waste of judicial time and energy and prevent the possibility of inconsistent decisions."[38]

On November 10, 2017, Tureau filed a Motion to Remand on the basis that the presence of the State of Louisiana as a real party in interest defeats diversity jurisdiction.[39] In opposition, Defendants assert that the real party in interest is Tureau and the State of Louisiana is, at most, a nominal party whose presence must be disregarded in determining diversity jurisdiction.[40] In reply, Tureau maintains that the State of Louisiana is the real party in interest because it has a regulatory interest in the suit, pointing out that while La. R.S. 30:16 authorizes Tureau to file suit to enforce state oil and gas regulations, the statute expressly forbids Tureau from obtaining a

---

[34] *Id.* at p. 5.
[35] *Id.* at pp. 5-8.
[36] R. Doc. 31 at p. 1.
[37] *Id.* at p. 3.
[38] *Id.*
[39] R. Doc. 15.
[40] R. Doc. 27.

judgment in his own name.[41] In two supplemental memoranda filed in opposition to the Motion to Remand, Defendants advised the Court of a Report and Recommendation issued in *Watson v. Arkoma Development, LLC*, Civ. A. No. 17-1331, 2018 WL 1311208 (W.D. La. Feb. 5, 2018), addressing a motion to remand filed by landowners who had similarly filed suit under La. R.S. 30:16.[42] The Magistrate Judge in that case concluded that the State of Louisiana was neither a real party in interest nor a properly named party and recommended that the plaintiffs' motion for remand be denied.[43] Defendants further advised the Court that the Report and Recommendation in *Watson* was adopted by the District Judge on March 13, 2018.[44]

## II. LAW AND ANALYSIS

### A. Change of Venue Under 28 U.S.C. § 1404(a)

"[W]hile a Plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute [28 U.S.C. § 1391], § 1404(a) tempers the effects of the exercise of this privilege."[45] "In other words, even when a plaintiff chooses an appropriate judicial division, the Court has discretion under § 1404(a) to transfer the action to another division if it determines that doing so would be more convenient for the parties and in the 'interest of justice.'"[46] "The moving party bears the burden of proof to show that the transfer is warranted, based on it being in the interest of justice and for the convenience of the parties and witnesses."[47]

---

[41] R. Doc. 33.
[42] R. Doc. 37 at p. 1; R. Doc. 40 at p. 1.
[43] R. Doc. 37 at p. 1; R. Doc. 40 at p. 1.
[44] R. Doc. 40 at p. 1 (citing *Watson v. Arkoma Development, LLC*, Civ. A. No. 17-1331, 2018 WL 1311177 (W.D. La. Mar. 13, 2018)).
[45] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).
[46] *Rivers v. Union Pacific Railroad*, Civ. A. No. 16-673-JJB-RLB, 2017 WL 379447, at *1 (M.D. La. Jan. 25, 2017) (*quoting* 28 U.S.C. § 1404(a)).
[47] *State of Louisiana, ex rel. Kenneth James Guilbeau v. BEPCO, L.P.*, Civ. A. No. 17-1283-SDD-RLB, 2018 WL 1886528, at *2 (M.D. La. Mar. 23, 2018), *report and recommendation adopted by* 2018 WL 1881260 (M.D. La. Apr. 19, 2018) (citing *In re Volkswagen*, 545 F.3d at 315).

"In order to obtain a transfer, a defendant must satisfy two steps. First, the defendant must show that the sought-after forum . . . would have been an appropriate venue to begin with. Next, the defendant must show that the sought-after forum is 'clearly more convenient.'"[48] The Fifth Circuit has adopted the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*[49] as appropriate for the determination of whether a 28 U.S.C.§ 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice.[50] The Fifth Circuit has also advised that, "Although the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, we have noted that 'none . . . can be said to be of dispositive weight.'"[51]

The private interest factors to consider are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive."[52] The public interest factors to consider are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws."[53] "Generally, a plaintiff's choice of forum is given great deference; however, when a plaintiff is not a resident of the chosen

---

[48] *Rivers*, 2017 WL 379447, at *2 (*citing* 28 U.S.C. § 1404(a); *In re Volkswagen*, 545 F.3d at 315).
[49] 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).
[50] *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).
[51] *In re Volkswagen*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).
[52] *In re Volkswagen*, 545 F.3d at 315 (citation omitted).
[53] *Id.* (citation omitted).

forum and the relevant actions giving rise to the dispute did not occur in the chosen forum, a court need not give deference to the plaintiff's choice."[54]

### B. The *Gilbert* Factors Weigh Heavily in Favor of Transfer

There is no dispute between the parties in this case that venue is proper in the Western District of Louisiana.[55] Thus, Hess and Chevron have satisfied the first step of the two-step analysis set forth in 28 U.S.C. § 1404(a).[56] Accordingly, the sole issue before the Court is whether the transfer of venue will serve the convenience of the parties and the interests of justice pursuant to § 1404(a).[57]

The undersigned finds persuasive the reasoning of the Court in *State of Louisiana, ex rel. Kenneth James Guilbeau v. BEPCO, L.P.*, Civ. A. No. 17-1283-SDD-RLB, 2018 WL 18886528 (M.D. La. Mar. 23, 2018), finding transfer to the Western District of Louisiana appropriate under similar facts, and will adopt it here. First, the private interest factors—access to sources of proof, the convenience of witnesses, and other issues that would make trial of this case easy, expeditious and inexpensive—all weigh in favor of transfer. There is no dispute that the property at issue is located in Avoyelles Parish. Given the location of the property, potential fact witnesses will more likely be located in the Western District of Louisiana. Further, any potential issues regarding the availability of compulsory process to secure the attendance of witnesses will likely be avoided if transfer is allowed.[58] The costs of compelling witnesses to attend trial in the Middle District of

---

[54] *Rivers*, 2017 WL 379447, at *2 (citing *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008)); *See, State of Louisiana, ex rel. Kenneth James Guilbeau v. BEPCO, L.P.*, Civ. A. No. 17-1283-SDD-RLB, 2018 WL 1886528, at *3 (M.D. La. Mar. 23, 2018) (same); *See also*, *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (plaintiff's choice of forum is entitled to less deference when it is not the plaintiff's home forum) (citations omitted).
[55] *See*, 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").
[56] *See, Rivers*, 2017 WL 379447, at *2.
[57] *In re Volkswagen*, 545 F.3d at 315.
[58] *See, State of Louisiana, ex rel. Kenneth James Guilbeau v. BEPCO, L.P.*, Civ. A. No. 17-1283-SDD-RLB, 2018 WL 1886528, at *4 (M.D. La. Mar. 23, 2018).

Louisiana will also likely be higher. Finally, given the Western District of Louisiana's handling of *Tureau I* and *Tureau II*, which included some substantive rulings, litigating the instant action in this district would likely make trial more difficult and expensive.

The public interest factors, to the extent applicable, also weigh in favor of transfer. The Western District of Louisiana has a local interest in deciding legacy litigation concerning property in Avoyelles Parish, which is located within that district. Further, because of its handling of *Tureau I* and *Tureau II*, as well as other related actions, the Western District of Louisiana is familiar with the underlying facts of the alleged contamination. The Western District of Louisiana has also recently addressed the specific issues raised in Tureau's Motion to Remand, which will remain pending after transfer.[59] Although Tureau asserts that this Court has an interest in this action because the Commissioner might someday be substituted as a party "in the event the commissioner's right to injunctive relief is proven at trial,"[60] the pleadings demonstrate that Tureau, the actual landowner, is domiciled in Avoyelles Parish, and the land at issue is located in Avoyelles Parish.[61] Accordingly, Tureau's choice of forum is not controlling in this case.[62]

To the extent Tureau's counsel is located in Baton Rouge, as alleged by Hess and Chevron,[63] the Court acknowledges that Tureau's counsel may be inconvenienced by having to travel to the Western District of Louisiana. However, the Fifth Circuit has held that, "The factor

---

[59] *See*, *Watson v. Arkoma Development, LLC*, Civ. A. No. 17-1331, 2018 WL 1311208 (W.D. La. Feb. 5, 2018), *report and recommendation adopted by*, 2018 WL1311177 (W.D. La. Mar. 13, 2018) (denying motion to remand filed by landowners on behalf of the State of Louisiana pursuant to La. R.S. 30:16).

[60] R. Doc. 24 at pp. 4-5. The undersigned finds the arguments of Chevron and Hess in the Notice of Removal on this issue persuasive. While the Commissioner of the Louisiana Department of Natural Resources *could* become a party at some point, at present Tureau is the plaintiff for purposes of the considerations before the Court on the Motion to Transfer.

[61] *See*, R. Doc. 1 at pp. 1 & 6; R. Doc. 1-2 at p. 6, ¶¶ 1 & 3.

[62] *See*, *Rivers*, 2017 WL 379447, at *2 (refusing to give deference to the plaintiffs' choice of forum "because all of the Plaintiffs are from Zwolle, LA (68 miles from the Shreveport Division and 265 miles from the Middle District), and the accident giving rise to this action occurred in Plain Dealing, LA (39 miles from the Shreveport Division and 280 miles from the Middle District).") (citation omitted).

[63] R. Doc. 13-1 at p. 12.

of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."[64]

Based on the foregoing analysis of the *Gilbert* factors, as well as the indication of forum shopping in light of the record,[65] Hess and Chevron have met their burden of proving that transfer of this action to the Western District of Louisiana is appropriate under 28 U.S.C. § 1404(a). As such, the Court does not reach the merits of Tureau's Motion to Remand.[66]

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Transfer Venue[67] be **GRANTED** and that this matter, including the Motion to Remand,[68] be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Alexandria Division

Signed in Baton Rouge, Louisiana, on July 2, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[64] *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).
[65] As noted by Chevron and Hess, the petition in this case is essentially identical to the petition filed in *Tureau II* in terms of named defendants, factual allegations and relief sought. Plaintiff moved to voluntarily dismiss *Tureau II* after the Western District of Louisiana determined, *sua sponte*, that it had subject matter jurisdiction in that case. *State of Louisiana, ex rel. Justin Dale Tureau*, Civ. A. No. 1:17-cv-780 (W.D. La.)(R. Docs. 6 & 7).
[66] R. Doc. 15.
[67] R. Doc. 13.
[68] R. Doc. 15.

11