c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *EX REL.* JUSTIN DALE TUREAU<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-00973 |
| VERSUS | JUDGE DRELL |
| BEPCO, L.P., *ET AL.*<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 15) filed by Plaintiff, State of Louisiana ("the State") *ex rel.* Justin Dale Tureau ("Tureau"). Tureau claims the Court lacks subject-matter jurisdiction over this action because the State, as a real party in interest in the action, cannot be a citizen of itself for diversity purposes. (Doc. 15). Defendants Chevron U.S.A. Inc., BEPCO, L.P., BOPCO, LLC (formerly known as BOPCO, L.P.), Chisholm Trail Ventures, L.P., and Hess Corporation (collectively, "Defendants") oppose the motion. (Docs. 27, 37, 40). Because the State was improperly made a party and has no real interest in the action, it is recommended that the Motion to Remand be DENIED.

I. <u>Background</u>

On September 14, 2017, Tureau filed an action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana against Defendants. (Doc. 1-2,

p. 6).[1] Tureau claims his property has been damaged by Defendants' oil and gas exploration and production activities. (Doc. 1-2, p. 7-11). Tureau seeks an injunction ordering remediation of his alleged contaminated property in Avoyelles Parish. (Doc. 1-2, p. 7-11). Tureau claims that he is entitled to bring a lawsuit on behalf of the State under La. R. S. § 30:14 and § 30:16, for violations of Statewide Order 29-B, along with other regulations and orders of the Louisiana Department of Natural Resources and Department of Conservation. (Doc. 1-2, p. 7-11). Tureau also seeks an order restraining Defendants from further violations and costs under La. R.S. 30:29. (Doc. 1-2, p. 7-11).

On October 19, 2017, Defendants Chevron and Hess removed the action to the United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction. (Doc. 1, p. 1). Defendants Chevron and Hess then sought transfer to the Western District of Louisiana, Alexandria Division under 28 U.S.C. § 1404(a) (Doc. 13). Tureau filed a Motion to Remand (Doc. 15). The Middle District granted the motion to transfer venue, transferring this action, including Tureau's Motion to Remand (Doc. 15), to this District Court. (Docs. 48, 49).

Tureau alleges the Court lacks subject-matter jurisdiction because the State, as a real party in interest in the action, cannot be a citizen of itself for diversity purposes. (Doc. 15). Defendants oppose remand, asserting that the real party in

---

[1] This is the third lawsuit filed by Tureau regarding allegations of contamination of real property located in Avoyelles Parish, Louisiana. Magistrate Judge Wilder-Doomes of the United States District Court for the Middle District of Louisiana has thoroughly summarized the procedural history of Tureau's previous actions. (Doc. 45, pp. 3-6). The Court sees no need to restate that procedural history for the purposes of this ruling.

interest is Tureau. (Doc. 27). Defendants assert the State has no pecuniary interest in this action, is not involved in its prosecution, and has no substantive right its seeking to enforce. (Doc. 27). Rather, Defendants assert Tureau's action is a suit by a landowner seeing remediation of his private property. (Doc. 27). Defendants assert the State is, at most, a nominal party whose presence must be disregarded in determining diversity jurisdiction. (Doc. 27).

In reply, Tureau asserts the State is the real party in interest, as it has a regulatory interest in the suit. (Doc. 33). Tureau argues that La. R.S. 30:16 authorizes him to file suit to enforce state oil and gas regulations, but forbids him from obtaining a judgment in his own name. (Doc. 33).

Defendant Chevron U.S.A., Inc. submitted supplemental memoranda in opposition to include supplemental authority from this District Court, citing Watson v. Arkoma Dev., LLC, CV 17-1331, 2018 WL 1311208, at *3 (W.D. La. Feb. 5, 2018), report and recommendation adopted, CV 17-1331, 2018 WL 1311177 (W.D. La. Mar. 13, 2018). (Docs. 37, 40). Defendant Chevron U.S.A., Inc. argues that in Watson, with allegations similar to this case, this Court has recently found the State of Louisiana is neither a real party in interest nor a properly named party to such litigation, and that complete diversity exists among the parties. (Docs. 37, 40). Defendant Chevron U.S.A., Inc. asserts that, in Watson, this Court found it has subject matter jurisdiction and denied a motion to remand. (Docs. 37, 40).

The parties do not dispute that the action satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332 and that complete diversity exists between

Tureau and Defendants. (Docs. 15, 27, 33). The sole issue is whether the State is a real party in interest, depriving this Court of diversity jurisdiction.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

Title 28 U.S.C. § 1332(a) provides that the district courts have original jurisdiction of all civil actions upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. See City of Indianapolis v. Chase Nat'l Bank of N.Y.C., 314 U.S. 63, 69 (1941). Jurisdictional facts are determined at the time of removal, not by subsequent events. See La. v. Am. Nat'l Prop. & Cas. Co., 746 F.3d 633, 635 (5th Cir. 2014). If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction over a case, the case shall be remanded. 28 U.S.C. §1447.

Ordinarily, where a state is a party, there can be no federal jurisdiction based on diversity of citizenship because a state is not a citizen of itself. See La. v. Union Oil Co. of Cal., 458 F.3d 364, 366 (5th Cir. 2006). However, if the state is a nominal party without real interest in the dispute, its citizenship should be disregarded because the citizenship of the real parties in interest is determinative. See Wolff v. Wolff, 768 F.2d 642, 645 (5th Cir. 1985). A state is a nominal party if a court can enter a final judgment consistent with equity and good conscience in the absence of it. See Union Oil Co. of Cal., 458 F.3d at 366. A state's general governmental

interests in the welfare of all its citizens and in securing compliance with all its laws are not sufficient to make a state a real party in interest. See Mo., Kan., & Tex. Ry. Co. v. Hickman, 183 U.S. 53, 60 (1901) ("Missouri Railway").

A party may sue in the name of the State only if he has statutory authority to do so. Watson v. Arkoma Dev., LLC., No. 17-1331, 2018 WL 1311208, at *2 (W.D. La. Feb. 13, 2018); see also Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc., 64 F. Supp. 3d 872, 889 (E.D. La. 2014) (holding Louisiana law does not allow self-appointed interlopers to institute legal action on behalf of the State without legal authority to do so).

La. R. S. § 30:16 allows a person whose interest has been adversely affected to bring suit to prevent any violations provided in La. R. S. § 30:14. La. R. S. § 30:16. Before filing the action, the claimant must notify the Louisiana Commissioner of Conservation ("the Commissioner") in writing of the violation. Id. If the court holds that injunctive relief should be granted, the Commissioner "shall be made a party and shall be substituted for the person who brought the suit and an injunction shall be issued as if the Commissioner had all times been the complaining party." Id.

### B. The State is improperly made a party in the action.

Like Tureau, in Watson v. Arkoma Development LLC., individual plaintiffs filed a suit in the name of the State of Louisiana under La. R. S. §30:16, seeking an injunction of a regulatory cleanup. 2018 WL 1311208, at *1. And like Tureau, the plaintiffs in Watson moved to remand the case, alleging the State of Louisiana was a real party in the action. Id. This District Court denied the motion to remand. Id. at

5

*2. The Watson Court reasoned that the State was not properly made a party because the individual plaintiffs lacked statutory authority to sue in the name of the State. Id. In addition, the State was not a real party in interest because it only had a regulatory interest in the dispute. Id.

Likewise, the State is improperly made a party in this action. One may sue in the name of the State only if he has statutory authority to do so. See Watson, 2018 WL 1311208, at *2. Tureau alleges that La. R. S. § 30:16 authorized him to sue in the name of the State. (Docs. 15-1, 33). This argument is without merit. La. R. S. § 30:14 authorizes the Commissioner to sue to restrain any or future violation of Louisiana's oil and gas regulations or orders thereunder. La. R. S. § 30:14. La. R. S. § 30:16 allows an interested person to bring suit to prevent such violations after notifying the Commissioner. La. R. S. § 30:16. However, it does not authorize the person to do so in the name of the State, rather than on his own behalf. See Watson, 2018 WL 1311208, at *2. Thus, Tureau is not authorized to bring a suit *ex rel*.

In addition, La. R. S. § 30:16 provides that the Commissioner "shall be made a party and shall be substituted for the person who brought the suit" if a court grants an injunction. La. R. S. § 30:16. The statute envisions the Commissioner, rather than the State, replacing the person who brought the suit. See Watson, 2018 WL 1311208, at *2. Hence, even assuming for purposes of argument that La. R. S. § 30:16

authorizes Tureau to bring a suit *ex rel.*, he should have brought the suit in the name of the Commissioner, rather than the State.[2]

La. R. S. § 30:16 does not authorize Tureau to bring a suit *ex rel.*, rather than on his own behalf. Even if the statute did, Tureau should have brought the suit in the name of the Commissioner, rather than the State. See La. R.S. 30:16. Therefore, the State is improperly made a party to this action because Tureau lacks statutory authority to sue in the name of the State.

    C.    <u>The State has no real interest in the action.</u>

        1.    <u>The State has only general governmental interest in the action.</u>

A court should disregard a state for purposes of diversity jurisdiction if the state is a nominal party. Wolff, 768 F.2d at 645. A state is a nominal party without real interest if it has only general governmental interest in securing compliance with its law.[3] Missouri Railway, 183 U.S. at 60. A state has only general governmental

---

[2] The court lacks subject-matter jurisdiction on the basis of diversity of citizenship if one party is a state agency which is "an arm or alter ego" of the state. Moor v. Alameda County, 411 U.S. 693, 717 (1973). However, if a department is an independent and separated political subdivision of a state, it is a citizen of the state for diversity jurisdiction purpose. Id. Here, the Court need not determine whether the Commissioner is an alter ego or an independent political subdivision because the Commissioner shall not be made a party unless the Court grants an injunction. La. R. S. § 30:16. Hence, the Commissioner was not a party at the time of removal, and the Commissioner's citizenship need not be considered.

[3] Tureau claims the state is a real party if it has "regulatory interest" in the lawsuit. (Doc. 33). Tureau cited cases to support this argument. However, the cited cases are distinguishable from this action. In the cited cases, the states either had financial interest in the action, or filed *parens patriae* actions through public officials. See e.g. Nat'l Educ Ass'n of New Mexico, Inc. v. Austin Capital Mgmt Ltd., 671 F. Supp. 2d 1248, 1251-52 (D.N.M. 2009) (finding any money recovered in the action belongs to the state); West Virginia ex rel. McGraw v. Minnesota Mining and Manufacturing, Inc., 354 F.Supp.2d 660, 665 (S.D. W.Va. 2005) (state was a real party in interest where attorney general sought monies paid due to the defendants' bad acts and the moneys would go to the state treasury).

interest where the action would not recover any money for the state, and the results would not inure to the benefit of the state. Id. at 59-60.

For example, in Missouri Railway, the Supreme Court held the State of Missouri had merely governmental interest in the action which was inadequate to make it a real party because its only interest was to restrain the defendant from violating the order of a state commissioner. Id. at 60. The Court reasoned that if such governmental interest is sufficient, the State would be a real party plaintiff in every equity suit. Id. at 61.

Here, the State neither owns nor controls the disputed land. Tureau brought the suit under La. R. S. § 30:16, which provides that the purpose of such a suit is to prevent violations of the state oil and gas regulation and orders. La. R. S. §30:16. Tureau did not assert the State has any other interest in the action.[4] Similar to the State of Missouri in Missouri Railway, the State's only interest in this action is to seek Defendants' compliance with the state laws. 183 U.S. at 59-60. Thus, the State is a nominal party in this action because it has only general governmental interest in the action. Id.

      2.    **The Court can enter a final judgment consistent with equity in the absence of the State.**

A party has no real interest in an action if a court can enter a final judgment consistent with equity and good conscience in the absence of the party. Union Oil Co.

---

[4] On the contrary, Tureau stated in his Petition (Doc. 1-2) that "Tureau seeks a[n] . . . injunction in favor of, and on behalf of the [C]ommissioner and the State of Louisiana *restraining violations, or threats to violate, any laws of this state . . . or any rule, regulation, or order made thereunder.*" (Doc. 1-2 p. 10) (emphasis added). In addition, Tureau claims that he, rather than the State, has the right and a cause of action to claim an injunction under La. R. S. § 30:16. (Doc. 1-2, p. 10).

of Cal., 458 F.3d at 366. La. R.S. 30:16 requires a court to make the Commissioner a party only after a judgment is made. La. R.S. 30:16. The statute indicates that a court could sufficiently enter a final judgment consistent with equity in the absence of the Commissioner or the State. Id. Accordingly, the State is not a real party in interest.

Because the State is not a real party in interest, the State's presence must be disregarded in determining diversity. The parties do not dispute that the action satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332, and that complete diversity exists between Tureau and Defendants. (Docs. 15, 27, 33). Therefore, the Court has subject-matter jurisdiction, and the Motion to Remand should be denied.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Remand (Doc. 15) filed by the State *ex rel.* Tureau be **DENIED**.

**IT IS FURTHER RECOMMENDED** that any reference to the State of Louisiana as a party in this litigation be removed.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __15th__ day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge