b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STATE OF LOUISIANA ex rel. JUSTIN DALE TUREAU | CIVIL ACTION 1:18-CV-00973 |
| VERSUS | JUDGE DRELL |
| BEPCO, L.P., et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMENDATION

A Motion to Dismiss was filed by defendant Hess Corporation (Doc. 14). A second Motion to Dismiss was filed by defendants BEPCO, L.P., BOPCO, L.L.C., and Chisholm Trail Ventures, L.P. (Doc. 16). Because Plaintiff stated a cause of action against Defendants and complied with notice requirements, Defendants' Motions to Dismiss (Docs. 14, 16) should be denied.

I. Background

On October 19, 2017, Plaintiff Justin Dale Tureau ("Tureau") filed an action in the Louisiana 19th Judicial District Court for the Parish of East Baton Rouge, against Defendants BEPCO, L.P. ("BEPCO"), BOPCO, L.L.C. ("BOPCO"), Chisholm Trail Ventures, L.P. ("Chisholm"), Chevron U.S.A., Inc. ("Chevron"), and Hess Corporation ("Hess") (collectively, "Defendants") (Doc. 1-2, p. 6/67). Tureau claims his property was damaged by Defendants' oil and gas exploration and production activities (Doc. 1-2). Tureau seeks an injunction pursuant to La. R.S. 30:14 and 30:16, requiring regulatory cleanup of the contaminated property and restraining Defendants from

further violating or threatening to violate applicable regulations, including Statewide Order 29-B (Doc. 1-2).

Hess and Chevron removed to the United States District Court for the Middle District of Louisiana (Doc. 1). The case was transferred to this Court on July 26, 2018 (Docs. 48, 49).

Plaintiff filed a Motion to Remand (Doc. 15). It has been recommended that the Motion to Remand be denied (Doc. 62). That motion is pending.

The Defendants filed Motions to Dismiss (Docs. 17, 18). The briefing deadlines for the Motions to Dismiss were suspended pending resolution of the outstanding venue and jurisdictional issues (Docs. 30, 58), but have since been reinstated (Doc. 65).

## II. Law and Analysis

### A. Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The

court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

### B. Defendants' Motions to Dismiss should be denied.

Defendants filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under La. R.S. 30:16. Chevron and Hess contends that La. R.S. 30:16 applies only to present-day continuing or threatened violations, and not to violations that occurred decades ago (Doc. 14). BEPCO, BOPCO, and Chisolm argue that Tureau's action should be dismissed because he failed to comply with the notice requirements of La. R.S. 30:16 prior to filing suit.

#### 1. The previous litigation was not brought pursuant to La. R.S. 30:14 and 30:16 and did not decide the issues in this action.

Tureau filed a previous action under La. R.S. 30:29 against Chevron, Hess, BOPCO, L.L.C., and BEPCO, L.P. for remediation and damages stemming from contamination caused pursuant to a mineral lease. In Tureau v. 2 H, Inc., et al., Doc. No. 1:13-cv-02969 (W.D. La.). In that case, the District Court dismissed Tureau's action pursuant to the subsequent owner doctrine because the act of cash sale by which Tureau acquired ownership interest in the property did not expressly assign the personal rights to sue for pre-acquisition damage to the property. See Tureau v. 2 H. Inc., 2016 WL 4500755 (W.D. La. 2016). In a related case,[1] the United States Court of Appeal for the Fifth Circuit affirmed the District Court's holding and further noted that Louisiana Courts have rejected the argument that a subsequent owner

---

[1] Guilbeau v. 2 H, Inc., et al., Doc. No. 14-cv-02867, 2016 WL 4507634 (W.D. La. 2016), aff'd sub nom., 854 F.3d 310 (5th Cir. 2017).

3

has a cause of action in remediation under Louisiana's Mineral Code. See Guilbeau, 854 F. 3d at 314 (citing Bundrick v. Anadarko Petroleum Corp., 2014-993 (La. App. 3d Cir. 3/4/15), 159 So. 3d 1137, 1143, writ den., 2015-0557 (La. 11/16/15), 184 So. 3d 24); see also Grace Ranch, L.L.C. v. BP America Production Company, 2017-1144 (La. App. 3d Cir. 7/18/18), 252 So. 3d 546. Those findings and conclusions were adopted in Tureau v. Hess Corp., 2017 WL 5952262 (5th Cir. 2017), in dismissing Tureau v. 2 H, Inc., et al., Doc. No. 1:13-cv-02969 (W.D. La.).

Tureau's current action involves the same facts and some of the same Defendants as the previous case. However, Tureau is now asking for injunctive relief pursuant to La. R.S. 30:14 and 30:16. Tureau did not seek injunctive relief or invoke those statutes in the previous litigation, and that issue was not considered. Therefore, Tureau is not precluded from doing so now.[2]

### 2. Tureau has stated a cause of action for injunctive relief.

The Louisiana Supreme Court has stated that, regardless of who has standing to pursue claims for money damages against a lessee under the Mineral Code, the current owner of property always has the right to seek a regulatory cleanup of a contaminated site. La. R.S. 30:6(F); La. R.S. 30:16; see Marin v. Exxon Mobil Corp., 2009-2368 (La. 10/19/10), 48 So.3d 234, 256 n.18.

Recently, in Global Marketing Solutions, L.L.C. v. Blue Mill Farms, Inc., 2018-0093 (La. App. 1st Cir. 11/6/18), 2018 WL 5816971, *2, the plaintiff brought and

---

[2] Defendants have not argued that Tureau should have included his claim for injunctive relief in a previous lawsuit.

action for injunctive relief pursuant to La. R.S. 30:14 and 30:16 for remediation of the impact of the defendants' historical oil and gas exploration and production activities in excess of regulatory allowances. Defendants filed an exception of no cause of action, arguing that plaintiff had no cause of action to prevent wholly past violations. The trial court rendered a final partial judgment which granted the exceptions of no cause of action on the basis that La. R.S. 30:16 is not intended to prevent wholly past violations, and that the drilling operations and consequent contamination took place in the past. See Global Marketing Solutions, L.L.C., 2018 WL 5816971 at *3. However, the Louisiana First Circuit Court of Appeal reversed the district court, finding plaintiffs had alleged that the violation of Statewide Order 29-B and other regulations – specifically, violation of the lessee's obligation to remediate the property in compliance with regulatory standards – was ongoing. See Global Marketing Solutions, L.L.C., 2018 WL 5816971 at *4.

The Louisiana First Circuit Court of Appeal considered the failure to fulfill the obligation to remediate as a continuing violation within the meaning of La. R.S. 30:14. ("[A]a person is violating or is threatening to violate a law of this state with respect to the conservation of oil, or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder"). The Court of Appeal held the plaintiff has a cause of action under La. R.S. 30:16 to bring suit seeking injunctions[3] against the defendants. See Global Marketing Solutions, L.L.C., 2018 WL 5816971 at *4. That holding is in accord with the Louisiana Supreme Court's statement in Marin, 48 So.3d

---

[3] La. R.S. 30:14 grants both prohibitory and mandatory injunctions.

at 256 n.18, that the current property owner always has the right to seek a regulatory cleanup of a contaminated site pursuant to La. R.S. 30:6(F) and 30:16.

Therefore, Tureau has stated a cause of action for injunctive relief pursuant to La. R.S. 30:14 and 30:16. Chevron's and Hess's Motion to Dismiss (Doc. 17) should be denied.

### 3. Tureau complied with the notice requirement of La. R.S. 30:16.

BEPCO, BOPCO, and Chisolm argue that Tureau's action should be dismissed because he failed to fulfill the notice requirements of La. R.S. 30:16 (Doc. 18).

La. R.S. 30:16, "Suit by party in interest upon commissioner's failure to sue," states:

> If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.

Tureau's notice letters to the Commissioner of Conservation of the State of Louisiana[4], dated August 31, 2016 and September 27, 2016, providing notice of the Defendants' alleged violations and his intent to sue, are attached to his complaint (Doc. 1-2, pp. 14, 18/67). An operator history of the property was attached to the letter (as well as other documents), and listed M.L. Mayfield, Gulf Refining Co.-Gulf Prod.

---

[4] See La. R.S. 30:3(1).

Div., Hood Goldsberry, and Amerada Pet. Corp. (Doc. 1-2, p. 20/67). It is not clear from the face of the documents how BOPCO, BEPCO, and Chisolm became involved with the property.

BOPCO, BEPCO, and Chisolm argue that, because they are not named in Tureau's notice letters to the Commissioner or their attachments, Tureau failed to provide proper notice of their violations to the Commissioner.[5] However, the statute states the property owner shall notify the Commissioner of violations or threats of violations. It does not require the property owner to list every potential defendant in a future lawsuit in the notice. The notice requirement affords the Commissioner an opportunity to investigate alleged violations.[6] Given the fluid and evolving nature of such businesses, inclusion of every successor in interest (and its owners) in the violation notice to the Commissioner would be an unduly burdensome requirement.[7] No good purpose is served by jurisprudentially adding a requirement that a property owner name every potential defendant for a future lawsuit in a § 16 notice to the Commissioner of regulatory violations on his property.

Therefore, the Motions to Dismiss filed by BEPCO, BOPCO, and Chisolm (Doc. 18) should be denied.

---

[5] BOPCO, BEPCO, and Chisholm have not argued that they never worked on (or under) the property.

[6] The Commissioner of Conservation of the States of Louisiana has jurisdiction and authority over all persons and property necessary to enforce effectively the provisions of the Louisiana Mineral Code and all laws relating to the conservation of oil or gas. See La. R.S. 30:4(A).

[7] Those persons or companies are aware they are successors in interest to the original lessees. They could potentially be added later as defendants in a lawsuit after their interests are discovered.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motions to Dismiss (Docs. 17, 18) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge